IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BUSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-1131-WKW |
| | ) | |
| TROY KING, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this habeas case filed pursuant to 28 U.S.C. § 2254, the petitioner seeks relief

from a manslaughter conviction and 20 year prison sentence imposed on him pursuant to

his guilty plea entered at his arraignment in the Circuit Court of Montgomery County,

Alabama.  Pursuant to Rules 8(a), *Rules Governing Section 2254 Cases in the United*

*States District Courts*, the court concludes that the petition for habeas corpus relief is due

to be denied.  No evidentiary hearing is required because any facts crucial to a fair

determination of the issues presented by petitioner were adequately developed in the state

court proceedings.  *McCoy v. Wainwright*, 804 F.2d 1196 (11th Cir. 1986).

**THE STATE COURT PROCEEDINGS**

Busby was indicted on April 15, 2005, for manslaughter in violation of Ala. Code

§13A-6-3.  The charge arose from an automobile accident in which Busby was at fault

resulting in the death of a person.  Busby had some degree of drugs in his system at the

time of the accident.  At the June 7, 2005, arraignment on the manslaughter charge, Busby

entered a guilty plea. On August 12, 2005, Busby moved to withdraw that plea contending that his counsel at arraignment did not render constitutionally effective counsel. The trial court denied the motion to withdraw.

Busby filed a timely direct appeal. Busby contended on appeal that his trial counsel was ineffective because he failed to obtain, review or give him a copy of discovery from the State; trial counsel failed to call mitigation witnesses at sentencing; and trial counsel failed to request a complete copy of Busby's psychological evaluation or request a mental evaluation. Busby also contended that his plea was not voluntary because he did not understand the consequences of the plea and because his trial counsel advised him he would be given youthful offender status.

The Alabama Court of Criminal Appeals twice remanded Busby's case to the trial court. The first time the appellate court asked the trial court to make written findings about Busby's claims raised in his motion to withdraw his guilty plea. Following that remand, the trial court held a hearing and entered written findings again denying the motion to withdraw. Once again the appellate court remanded the case to the trial court asking it this time to apply the proper standard of review regarding Busby's ineffective assistance of counsel claims.[1] After the case returned to the appellate court, it affirmed

---

[1]The Alabama Court of Criminal Appeals remanded for the trial court to apply the standard of review specified in *Pugh v. State*, 729 So. 2d 359 (Ala. Crim. App. 1998) which incorporated into Alabama law the *Hill v. Lockhart*, 474 U.S. 52 (1985) standard under which a habeas petitioner seeking relief from a guilty plea must show that but for counsel's error he would not have pleaded guilty and would have insisted on proceeding to trial.

the denial of Busby's motion to withdraw his guilty plea and conviction.  The Alabama Supreme Court denied Busby's petition for certiorari.

Busby timely filed a petition for post-conviction relief pursuant to ALA R. CRIM. P. 32.  The trial court summarily denied the petition on the basis that the ineffective assistance of counsel claims and the involuntary guilty plea claim were procedurally barred because they were raised and addressed at trial and on appeal.  Busby's actual innocence claim was denied as insufficiently pleaded under ALA. R. CRIM. P. 32.6(b).[2] The Alabama Court of Criminal Appeals affirmed the trial court, and the Alabama Supreme Court denied Busby's petition for certiorari and issued its certificate of judgment on December 11, 2009.

## PRELIMINARY CONSIDERATIONS

The instant petition for federal habeas relief was filed three days later on December 14, 2009.  Thus, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Busby plainly meets AEDPA's one year statute of limitations established in 28 U.S.C. § 2244(d)(1)(A)–(D), and the respondents do not argue otherwise.  As will be later described, all of Busby's claims were raised and adjudicated in state court.[3]

---

[2]ALA. R. CRIM. P. 32.6(b) provides that a "petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

[3]Busby does raise one "claim" here that was not presented in the same manner to the state court. That claim is "[h]e was denied effective assistance of trial counsel because if counsel had been effective

3

To prevail on a § 2254 claim adjudicated on the merits by the state courts, Busby must show that a decision by the Alabama courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13; 28 U.S.C. § 2254(d)(1) & (2). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06.

A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id.* at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness per se, of the state court

---

the outcome would have been different and he would not have pleaded guilty." But this "claim" is really nothing more than a generalized statement which is encompassed more specifically in each of his other ineffective assistance of counsel claims. Thus, there is no need to consider this as a separate claim even under the command of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992)(en banc).

decision that this court must decide. See *Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim de novo rather than through the lens of §2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. §2254(d)." *Id.* at 636.

### THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

A. Introduction.[4]  To succeed on an ineffective-assistance claim under *Strickland*

---

[4]The respondents correctly note that several of Busby's claims are procedurally defaulted as well as lacking in merit.  Because the court agrees that Busby's claims lack merit in that the merits conclusions of the state courts were not contrary to or an unreasonable application of clearly establish federal law, the court will not address the default issues.  *See Valle v. Sec'y, Dep't of Corr.*, 459 F.3d

*v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. Under *Strickland*, counsel's performance is deficient only if it falls below an objective standard of reasonableness considering all the circumstances, and a court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was "within the wide range of reasonable professional assistance." 466 U.S. at 688–90. With regard to the prejudice prong, "[t]he petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "When a . . . [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. To make this determination, a court must review "the totality of the evidence before the judge or jury." *Id.* Moreover, in the context of *Strickland* ineffectiveness of counsel claims on which a state court has determined the merits, this court's review is doubly deferential. *Pooler v. Secretary, Florida Dept. of Corrections*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim—which is governed by the deferential *Strickland* test—through the lens of

---

1206, 1213 (11th Cir. 2006) ("Here, it is unnecessary to address the issue of the procedural bar, because even assuming the claim is preserved, Valle is not entitled to habeas relief.")

AEDPA deference, the resulting standard of review is 'doubly deferential.' ")[5]

Before considering each of Busby's specific claims, the court will make a general observation. Under *Strickland*, it is not enough that counsel's performance be deficient. To succeed on an ineffectiveness claim, a petitioner must demonstrate that the deficient performance prejudiced him, and in this particular case, Busby must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The court has reviewed the entire record in this case, and, frankly, it is not difficult to come to the conclusion that Busby's trial counsel's performance was ineffective in some respects. As will be discussed, however, Busby's quest for relief mostly founders on the prejudice prong of *Strickland* because the court cannot find that the Alabama courts' conclusion about prejudice were unreasonable or contrary to federal law. There are two ineffectiveness claims which were properly resolved on the deficient performance prong of *Strickland* for the simple reason that it was not possible for counsel to have done what Busby alleges he should have done.[6]

B. The Concession Claim. Busby's first claim is that he was denied effective assistance of trial counsel because his trial counsel conceded his failure to adequately

---

[5]In *Evans v. Secretary, Dept. Of Corrections*, 703 F.3d 1316, 1334 (11th Cir. 2013), Judge Jordan in a concurring opinion raised the interesting question of whether the doubly deferential standard of review applies to *Strickland's* prejudice prong, but in this case that issue of law need not be resolved.

[6]Those claims are the victim impact evidence review claim and the sentence suggestion claim.

represent him.  This concession was advanced in an affidavit filed by Busby's former

counsel in support of his motion for relief pursuant to ALA. R. CRIM. P. 32.  (Doc. # 12-16

at 15) This claim was raised in Busby's rule 32 petition filed in state court and was

addressed by the Alabama Court of Criminal Appeals.

> Busby argues, as he did in his Rule 32 petition, that trial counsel was
> ineffective simply because counsel conceded ineffectiveness. In his Rule 32
> petition, Busby merely made a general allegation that counsel was
> ineffective because counsel said so; however, Busby did not identify a
> specific act or omission that was constitutionally unreasonable, and he
> failed to allege any facts that, if true, would establish prejudice under
> *Strickland*.  *Beckworth v. State*, (CR-07-0051, May 1, 2009) __ So. 3d __,
> __ (Ala.Crim. App. 2009) (holding that Rule 32.6 (b) requires a petitioner
> to plead facts that, if true, would establish deficient performance and
> prejudice under *Strickland*). Accordingly, Busby failed to meet his burden
> of pleading under Rules 32.3 and Rule 32.6 (b), ALA. R. CRIM. P., and this
> claim was properly dismissed. ALA. R. CRIM. P. 32.7 (d).

This conclusion by the Alabama Court of Criminal Appeals is a ruling on the

merits of the claim.  *Boyd v. Comm. Ala. Dept. of Corrections,* 697 F.3d 1320, 1331 (11th

Cir. 2012) (A summary dismissal of a federal claim by Alabama courts for failure to

comply with Rule 32.6(b) is similarly a ruling on the merits).  *See also Harrington v.*

*Richter*, ___ U.S. ___, 131 S.Ct. 770 (2011) (A state court's rejection of federal claims is

presumptively a decision on the merits subject to rebuttal by a defendant).  Busby presents

nothing in rebuttal.

This type of vague, conclusory ineffectiveness claim unsupported by any facts or

references to the record is insufficient to demonstrate that the state court's conclusion was

contrary to or involved an unreasonable application of *Strickland*.  *See Boyd*, 697 F.3d at

1332-33.  Busby's mere recitation that counsel's performance was deficient without a

showing of how that is so does not establish that counsel's performance fell below an

objective standard of reasonableness. Thus, Busby is not entitled to relief on this claim.

      C.  The Counsel's Ineffectiveness Caused the Plea Claim.  This general claim was

raised in Busby's Rule 32 petition, rejected by the trial court and considered by the

Alabama Court of Criminal Appeals which denied the claim "because Busby failed to

meet his burden of full-factual pleading as required under Rule 32.6(b), Ala. R. Crim. P."

(Doc. # 12-18 at 6) This particular claim is merely a restatement of the *Hill v. Lockhart*

standard which Busby must meet in order to prevail on his ineffectiveness claim.  As will

be further discussed, all of his more specific claims were considered and denied by the

Alabama courts, and this court cannot say that the decisions of the Alabama courts were

contrary to, or involved an unreasonable application of, clearly established Federal law.

Thus, Busby is not entitled to relief on this claim.

      D.  The Discovery Claim.  Busby claims he was denied effective assistance of trial

counsel because his counsel failed to obtain the discovery from the State and failed to act

on the discovery materials.  This claim was addressed by the Alabama Court of Criminal

Appeals in its opinion on direct appeal which adopted with approval the findings and

conclusions of the trial court's opinion following the two remands.[7]

---

[7]This claim was also raised in Busby's Rule 32 petition.  The Alabama Court of Criminal
Appeals rejected this claim pursuant to ALA. R. CRIM. P. 32.2 (a) (2) and 32.2(a)(4), Ala. R. Crim. P.,
because it was raised and addressed at trial and on appeal.  (Doc. # 12-18 at 7)

> Appellate Counsel admitted in their pleadings that they have received a
> copy of the discovery from the state of Alabama and they failed to make
> any type of legitimate argument that the outcome would have been different
> or that the Defendant having known this information would not have
> pleaded guilty but would have insisted on a trial. This Court has reviewed
> the witness statements provided by the State in their March 23, 2006
> response and this Court finds that if anything the statements made by the
> witnesses are not favorable to the Defendant.

(Doc. # 12-5 at 35)

While the Alabama courts focused only on witness statements, the other discovery

in the case fully supports the conclusion that knowledge about the discovery would not

have led Busby to plead not guilty and insist on going to trial.  A drug screen of Busby

conducted at the hospital following the automobile accident was positive for

methamphetamine, amphetamine and cannobinoids (THC).  In addition, there was

evidence that at the scene of the accident Busby approached a witness and asked her to

say that the light was yellow.

Busby argues that a competent lawyer would have done many things differently

including interviewing witnesses "who might have changed their stories and/or added

exculpatory comments if asked questions by someone other than law enforcement."

(Doc. # 2 at 16)  Busby further argues that competent counsel would have reviewed the

laboratory results and followed up on discrepancies in the reports.  But all of these

arguments are purely speculative.  Busby has not come forward with any evidence which

would have led him to plead not guilty and insist on going to trial.  Thus, this court cannot

find that the Alabama courts' decisions were contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1) Busby is not entitled to relief on this claim.

E.  The Failure to Investigate Claim.  Busby contends he was denied effective assistance of trial counsel because his counsel failed to investigate his case.  This claim was raised in Busby's Rule 32 petition and addressed by the Alabama Court of Criminal Appeals on Busby's appeal from the trial court's denial of that petition.  This is what the appellate court said about this claim.

> Busby next argues that trial counsel was ineffective for failing to investigate. In his Rule 32 petition, this entire claim reads as follows:
>
>> "No investigation was conducted by former trial counsel which was harmful to the defense. The right to adequate assistance of counsel encompasses adequate pretrial preparation and investigation. " *Goodwin v. Balkon*, 684 F.2d 794 (11th Cir. 1982; *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987)."
>
> (C.R. 131). This bare allegation fails to meet the full-fact pleading requirement outlined in Rule 32.6(b), Ala. R. Crim.P. Busby has not alleged what trial counsel should have investigated nor does he allege what beneficial information counsel would have uncovered through further investigation.  *See Hunt v. State*, 940 So. 2d 1041, 1061 (Ala. Crim. App.2005) (quoting Thomas v, State, 766 So. 2d 860, 892 (Ala.Crim. App. 1998) (citing *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (holding that "[claims of failure to investigate must show with specificity what information would have been obtained with investigation .... "). Accordingly, this claim was properly dismissed due to Busby's failure to satisfy the pleading requirement contained in Rule 32.6(b), Ala. R. Crim. P.

(Doc. # 12-18 at 8)

This ruling constitutes a ruling on the merits which, therefore, is entitled to

11

deference as previously explained.  Moreover, the Alabama court deemed as fatal Busby's

failure to allege what information counsel would have discovered had he investigated.

After careful consideration, this court cannot find that the Alabama court's decision on

this issue was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. §

2254(d)(1). Busby is not entitled to relief on this claim.

     F.  The Expert Testimony Claim.  Busby claims he was denied effective assistance

of trial counsel because his counsel failed to secure expert testimony.  This claim was

raised in Busby's Rule 32 petition but with greater specificity.  Busby contended that

"trial counsel was ineffective for failing to secure expert testimony regarding the timing

and effects of drug consumption."  (Doc. # 12-18 at 2) In addressing this claim, the

Alabama Court of Criminal Appeals stated it as "trial counsel was ineffective for failing

to secure an expert who would have attempted to determine whether Busby ingested

drugs at a time when the drugs would have affected his driving and contributed to the

automobile accident . . ."  *(Id.* at 9) While noting that this claim was procedurally

defaulted, the appellate court also concluded that Busby "failed to allege how providing  .

. . [trial counsel] with information that  . . . [Busby] already knew would have altered  . . .

[Busby's] decision to plead guilty."  (Doc. # 12-18 at 10)

     Presumably, in further support of this claim, attached to the Alabama Court of

Criminal Appeals' record on appeal in the Rule 32 is an affidavit from an Assistant

Professor of Pharmacy at Auburn University.  The professor addresses the positive test of Busby for amphetamine and methamphetamine and concludes that because there was not a determination of the amount of drugs in his system as well as other testing deficiencies, there was no way to know the extent to which the drugs impaired Busby's driving.  That may be so, but it is quite beside the point.

First, there is no real dispute; Busby ran a red light.  Secondly, there is no dispute that Busby had drugs in his systems.  Thirdly, Busby admitted in a signed statement given to law enforcement officers that he "smoked a joint prior to the day of the wreck." (Doc. 12-7 at 94)  Fourthly, at sentencing Busby stated "I am in drug treatment now and have been for the last couple of months."  (Doc. 12-2 at 65) Thus, the mere fact that an argument about the extent of impairment could have existed could not negate the facts about drug use, facts which Busby already knew.  Therefore, this court cannot find that the Alabama courts' decisions resolving this claim were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  Busby is not entitled to relief on this claim.

G.  The Youthful Offender Act Claim.  Busby claims he was denied effective assistance of trial counsel because his counsel advised Busby to enter a guilty plea before the trial court ruled on his application for youthful offender status. This claim was raised in Busby's Rule 32 petition and rejected by the trial and appellate courts. In addition to

13

noting that this claim was procedurally defaulted, the Alabama Court of Criminal Appeals also reached the merits.

> [T]he circuit court properly dismissed this claim because Busby failed to meet his burden of full-fact pleading as required under Rule 32.6(b), Ala. R. Crim. P. Busby failed to allege any facts that, if true, would establish that the circuit court would have granted his youthful offender application had he not pleaded guilty. Further, he failed to allege any facts that would establish prejudice under *Strickland*. *Beckworth v. State*, (CR. 07-0051, May 1, 2009)So. 3d (Ala. Crim. App. 2009) (holding that Rule3 2 . 6 (b) requires a petitioner to plead facts that, if true, would establish deficient performance and prejudice under *Strickland*). Accordingly, the circuit court did not abuse its discretion by summarily dismissing this bare allegation for lack of specificity. Ala. R. Crim. P. 32.6(b); 32.7(d).

(Doc. 12-18 at 10-11)

Under *Hill v. Lockhart, supra*, the Alabama Court of Criminal Appeals applied the correct federal standard because Busby did not come forward with facts showing that if the trial court had denied youthful offender status, he would have insisted on going to trial.  Moreover, this court notes that Busby knew that with regard to a prior marijuana charge he had been granted youthful offender status.  In his statement to law enforcement officers following the wreck, Busby stated, "I have been charged with Possession of Marijuana but had Youthful Offender Status, but took classes for this."  (Doc. # 12-7 at 94) Thus, it is extremely unlikely that he again would have been granted youthful offender status given the circumstances of this case indicating that not only had he used marijuana but also amphetamine and methamphetamine.  Thus, this court cannot find that the Alabama courts' decisions finding no prejudice were contrary to, or involved an

14

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).

H.  The Victim Impact Evidence Claim.  Busby claims he was denied effective assistance of trial counsel because his counsel failed to request copies of a letter and photograph sent to the trial court from the victim's family.  A similar claim was raised in his Rule 32 petition in which Busby claimed his trial counsel was ineffective because he failed to review victim impact evidence submitted to the trial court by the victim's family. The Alabama Court of Criminal Appeals noted that this claim was procedurally defaulted because it was not raised in Busby's motion to withdraw his guilty plea.  Nonetheless, the appellate court also addressed the merits of the claim.

> In his petition, Busby failed to allege how reviewing the victim impact letter and photograph would have been helpful to his defense.  Further, he failed to allege any facts that, if true, would establish a reasonable probability that had trial counsel viewed the victim impact evidence the outcome of the plea or sentencing would have been different.

(Doc. # 12-18 at 11-12)

Of course, the victim impact evidence, which was indeed highly emotional, did not come into existence until after Busby had entered his guilty plea; therefore, at the time of entering the plea, Busby's counsel could not have reviewed it.  Moreover, it could not have affected Busby's decision to enter a plea.  And, by the time of the sentencing, Busby had obtained new counsel about whom he does not appear to complain.  There is no evidence that the victim impact evidence which the trial court received was delivered to

the court at the time Busby's initial trial counsel represented him.  Thus, this court cannot find that the Alabama courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  Busby is not entitled to relief on this claim.

I.  The Sentencing Claim.  Busby claims he was denied effective assistance of trial counsel because his counsel ignored the trial court's suggestion to impose a sentence of twenty years' imprisonment, split, to serve five years.  This facially specious claim was raised in Busby's Rule 32 petition.   The Alabama Court of Criminal Appeals described the claim thusly:

> Busby next argues that trial counsel was ineffective for ignoring the circuit court's suggestion to impose a 20 year sentence split with five to serve. Specifically, Busby argues that trial counsel should have advised him to accept the circuit court's offer to sentence him to 20 years split to serve five as opposed to a straight 20 year sentence.

(Doc. # 12-18 at 12)

After noting that this claim was procedurally defaulted, the Alabama Court of Criminal Appeals addressed it on the merits.

> In its order denying this claim, the circuit court explained that it did not offer Busby a choice between a 20 year split to serve five sentence and a straight 20 year sentence. Specifically, the circuit court found the following:
>
>> "Petitioner misconstrues the remarks made by the trial court at sentencing. The trial court merely explained to Petitioner the sentencing options that she was considering.  Far from suggesting the split sentence to Petitioner, the trial court actually suggested that, if faced with the choice, she would take the straight 20 year sentence that was eventually

16

imposed."

Because the circuit court did not offer Busby a choice in sentencing, counsel could not have been ineffective for ignoring the court's non-existent offer.

(Doc. # 12-18 at 13)

A review of the sentencing transcript confirms the Alabama Court of Criminal Appeals' construction of what the trial judge said.[8]  Counsel cannot be faulted for not offering a choice which was not his to make.  While the trial judge mused about the sentencing possibilities, she never offered the defendant a choice.  Therefore, under *Strickland*, counsel's performance cannot be characterized as deficient.  Thus, this court cannot find that the Alabama courts' decisions were contrary to, or involved an

---

[8]Here is what the trial judge said at sentencing.

And I'll be honest with you. Two to twenty years, that's the range I can give you.  Twenty years, you know, in Alabama, twenty years doesn't mean twenty years. You know, you say I sentence you to twenty years.  Well, you'll come up for parole in twelve, and then Ms. Gregory, she's going to have to go year after year after year and protest it if she doesn't want you to get paroled, or write a letter, and she's going to have to do that every year; which it's just a wicked system we have here and, and it doesn't work, and it's not right. But it doesn't mean twenty years. I don't know what the parole board will do. That's their business.
   I can give you a 20 split to serve five, which you'd do the five years day for day. You don't get credit for good time. You'd sit there for five years, and then you'd be on probation for five years; which is you screwed up, you'd go back for that 20 and get credit. But, of course, you don't have to take a split sentence, your lawyer knows you can reject it and say I just want the straight 20.
   So you know the only two options that I was even entertaining is a straight 20 or a 20 split five. And I'll be honest with you. Knowing now that you have to do it day for day, I'm sure you'd reject it anyway and say you'd just want to take your straight 20; which, you know, I would if I was the defendant.  . . .
   The only thing that I can do is give you the sentence that I think that in this case reflects that it should get  . . .

(Doc. # 12-16 at 44-46)

17

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  Busby is not entitled to

relief on this claim.

     J.  The Mitigation Evidence Claim.  Busby claims he was denied effective

assistance of trial counsel because his counsel failed to present mitigation evidence at

sentencing.  This claim was raised in Busby's motion for new trial and addressed on

direct appeal[9] by the Alabama Court of Criminal Appeals which characterized the claim

in this way.  "[T]rial counsel rendered ineffective assistance because he did not call

crucial mitigation witnesses at the sentencing hearing."  The appellate court adopted the

trial court's findings and conclusion on this issue.

> Defendant argues that the Defendant's Counsel was ineffective for failing to
> have family members testify on behalf of the Defendant at sentencing and
> for failing to provide family letters to the probation officer as part of the
> pre-sentence investigation. Again, Appellate Counsel has failed to prove
> that the outcome of this proceeding would have been different if the
> Defendant's family members had testified on his behalf.  Regardless, this
> issue is irrelevant to whether the Defendant should be allowed to withdraw
> his guilty plea.

(Doc. # 12-15 at 36)

     The state trial and appellate courts then concluded that Busby "failed to show that

but for counsel's alleged errors, he would not have pleaded guilty but would have insisted

on proceeding to trial."  (*Id.* at 37)  Moreover, to the extent that Busby perhaps is

---

[9]The claim was also raised in Busby's Rule 32 but was not addressed on the merits because the court found it was defaulted.

18

claiming that his sentencing counsel was ineffective (which is not at all clear) his claim is

meritless because he has not identified what mitigation evidence might have been offered

that would have affected the outcome of the proceeding.  Thus, this court cannot find that

the Alabama courts' decisions were contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United

States.  28 U.S.C. § 2254(d)(1).  Busby is not entitled to relief on this claim.

        K.  The Blood Sample Preservation Claim.  Busby claims he was denied effective

assistance of trial counsel because his counsel failed to make a motion to request the

preservation of his blood sample.  This is the claim as set forth in Busby's Memorandum

of Law filed in support of his habeas petition.

> The State on brief to the Alabama Court of Criminal Appeals dated
> October 17, 2006 conceded that there was only a trace of methamphetamine
> in Busby's system immediately after the arrest. (Rule 32 Exhibit Z)
> New counsel for Busby on September 2, 2005, less than one month
> after Busby's sentencing, filed a Motion to Preserve for Forensic Testing
> Blood Samples. Counsel understands that there was insufficient blood
> available for independent testing.
> Therefore, at present there is no way to determine the quantity of
> methamphetamine in Busby's blood on the day of the incident. The State
> concedes it was a trace as noted above. The forensic reports reflected P -
> only means present without quantifying. There was no evidence available to
> suggest Busby in any way acted under the influence nor was impaired. A
> fireman on the scene reported he acted alert.
> Busby's trial lawyer was ineffective for failing to move to preserve a
> blood sample for testing. None was available after Busby retained new
> counsel.

(Doc. # 2 at 31-32)

        The respondents do not address this claim on the merits but contend solely that it is

defaulted because it was not raised in state court.[10]  Nonetheless, Busby is not entitled to

relief on this claim because he does not demonstrate how he was prejudiced by counsel's

inaction.  The evidence shows Busby had some drugs in his system at the time of the

accident but the amount was not quantified.  Busby, of course, knew how much drugs he

had ingested and when.  But more to the point, he has not shown that if counsel had filed

such a motion he would have not pleaded guilty and insisted on going to trial.  Busby is

not entitled to relief on this claim.

## MISCELLANEOUS CLAIMS

In addition to the ineffective assistance of counsel claims, Busby also raises

several other habeas claims, and the court will now address them.  First, Busby claims his

plea was not made knowingly or voluntarily based on his ineffective assistance of counsel

claims.  This claim was raised in Busby's Rule 32 petition and rejected by the trial and

appellate courts as procedurally barred.  The Alabama Court of Criminal Appeals also

found that the claim was properly dismissed by the trial court.

> Moreover, dismissal was proper because Busby failed to state a claim and
> because he failed to raise a material issue of fact or law that would entitle
> him to relief.  Ala. R.Crim. P. 32.7 (d). As discussed above, Busby raised
> this claim at trial and on direct appeal.  Both the circuit court and this court
> found that Busby's guilty plea was knowingly and voluntarily entered.
> Busby v. State (CR-04-2306), __ So. 3d___ (Ala. Crim. App. 2007) (table)
> (adopting the circuit court's order holding "the [d]efendant did knowingly
> and voluntarily enter a plea to the charge of Manslaughter and that his

_____

[10]The claim was presented in Busby's Rule 32 petition.  The Alabama Court of Criminal Appeals
listed it as the ninth ineffective assistance of counsel claim (Doc. # 12-18 at 2) but then never addressed
it.

Counsel, while not perfect, was not ineffective in his representation of the
Defendant").

(Doc. # 12-18 at 14)

The gravamen of Busby's claim here is that because his counsel was ineffective,
his plea could not have been knowing and voluntary. This claim necessarily fails because
Busby's ineffectiveness claims fail. Moreover, this court cannot find that the Alabama
courts' decisions concerning whether Busby's plea was knowing and voluntary were
contrary to, or involved an unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States. *See Boykin v. Alabama*, 395 U.S.
238, 242–43 (1969); 28 U.S.C. § 2254(d)(1).

Busby claims he is actually innocent. Busby's claim of actual innocence was
raised in his Rule 32 petition and rejected by the Alabama Court of Criminal Appeals
solely on the basis that under Alabama law claims of actual innocence do not excuse
procedural bars. But Busby's innocence claim goes beyond that. He claims that his Rule
32 petition demonstrates actual innocence based on his expert's affidavit. The affidavit to
which Busby refers is the affidavit of the Professor of Pharmacy at Auburn University.
Busby claims that her testimony would have substantially aided the defense and
established Busby's innocence beyond a reasonable doubt.

First, the court must address whether under AEDPA it is appropriate for this court
to address *de novo* this claim on the merits. When a federal court addresses the merits of
a claim that was previously adjudicated in state court, it applies a "highly deferential"

21

standard of review to the state decision, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); 28 U.S.C. § 2254(d). By contrast, review is *de novo* when a claim is properly presented to the state court, and the state court does not adjudicate the claim on the merits. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010).

The state courts did not address Busby's innocence claim on the merits. Thus, this court may do so. Busby plead guilty to manslaughter. The indictment alleges that Busby "did recklessly cause the death of . . . [the victim] with a vehicle, in violation of section 13A-6-3 of the Code of Alabama, against the peace and dignity of the State of Alabama." Under Alabama law a person commits the crime of manslaughter if the person recklessly causes the death of another person. A person is reckless if he or she is aware of a substantial and unjustifiable risk and consciously disregards it. *Woods v. State*, 485 So.2d 1243 (Ala. Crim. App. 1986).

Busby plead guilty to the crime of manslaughter. In so doing, he admitted all of the factual elements necessary to establish the crime. "[T]he representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Thus, "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Far from establishing his innocence, the affidavit of the expert merely notes the possible existence of doubt about the effect the drugs Busby took would have on his ability to drive. But that does not at all cast doubt about the reckless nature of a person who takes drugs and operates a vehicle. Moreover, Busby's claim of innocence does not entitle him to habeas relief because it is a freestanding non-capital claim of innocence. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (holding that no federal habeas relief is available for freestanding, non-capital claims of actual innocence); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007).

Lastly, Busby contends that the trial court erred in failing to grant him an evidentiary hearing on the merits of his Rule 32 petition. This claim affords Busby no basis for federal habeas relief because the question of whether he is entitled to an evidentiary hearing in state court is purely a matter of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law . . ."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Busby's petition for habeas relief be denied and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

**before March 25, 2013**.  A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections

will not be considered.  Failure to file written objections to the Magistrate Judge's

proposed findings and recommendations shall bar a party from a de novo determination

by the District Court of issues covered in the Recommendation and shall bar the party

from attacking on appeal factual findings accepted or adopted by the District Court except

upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of March, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE